Burket, J.
One Joseph Groves in the year 1875 conveyed the land in question to his son Samuel D. Groves by deed of general warranty in due form, and which recited that the conveyance was made for and in consideration of the sum of $9,165, paid by said Samuel D. Groves to his father, the receipt of which is acknowledged in the deed by the father.
In the year 1898, Samuel D. Groves died seized of said land in fee-simple under said deed. He left no child surviving him, but left said Emma Groves his widow, and also left said John Groves, his brother, and said Elizabeth Lashley, his sister, both of the Avhole blood. The widow claimed that the land came to her deceased husband by purchase, and that she inherited the same from him in fee-simple under Section 4159, Rev. Stat.; while the brother and sister *446 claimed that nothing was in fact paid for the land by their deceased brother, and that the land was in fact a gift to him by his father, and that the land came to him, not by purchase, but by deed of gift, and having come to him by deed of gift, that it descended to the widow for life only, with remainder to them in fee, under section 4158, Rev. Stat.
If the land came to Samuel by purchase, his widow took it in fee, but if it came to him by deed of gift, she took it for life only, with remainder to his brother and sister.
Upon the face of the deed, as it recites a money consideration, the land came to him by purchase. In this state title to lands may be acquired in four ways, by descent, by devise, by deed of gift, and by purchase. Lands that are not acquired by descent, by devise, or by deed of gift, are acquired by purchase.
At common law a conveyance of real estate as a gift was supported by a good consideration only, but some eminent judges have held that such a deed would be valid without any consideration whatever, but the weight of authority seems not to go to that extent, although sound reason wmuld seem to support it. See the opinion of Judge Welch in Thompson v. Thompson, 17 Ohio St., 650. Blaekstone regards a deed supported by no consideration as of no effect, and as inuring to the use of the grantor only. 2 Blaekstone, 296. On the same and succeeding page he says: “The consideration may be either a good or a valuable one. A good consideration is such as that of blood, or of natural love and affection, wRen a man grants an estate to a near relation; being founded on motives of generosity, prudence, and natural duty; a valuable consideration is such as money, marriage, or the like, *447 which the law esteems an equivalent given for the grant; and is therefore founded in motives of justice.”
From these principles the general assembly of this state, as early as the act of February 22, 1805, 3 O, L., 279, Chase, 515, evolved the deed of gift as mentioned in that act, and all subsequent acts on the same subject. The statute speaks of the deed of gift as being from an ancestor, and the authorities require that a gift of real estate should be supported by a good consideration only, and that the conveyance should be to a near relation of the ancestor. Blackstone seems to regard marriage as a valuable consideration, rather than as a good one, but it is shown in Thompson v. Thompson, supra, that marriage consummated is a good consideration, and marriage to be thereafter consummated, is a valuable consideration. Failure to note this distinction often leads to confusion.
It was held in the Thompson case, that a deed of real estate as a gift from a father to the husband of his daughter was valid, and passed the title to the grantee in fee.
It was also in that case held that marriage consummated is a good consideration, and sufficient to support a conveyance; but it was not determined in that case, or any other that we have been able to find, that the grantor in such case is the ancestor of the grantee, the husband of the daughter, nor that the deed in such case is a deed of gift. Whether under our statute the grantor in a deed of gift must be an ancestor of the grantee by blood, or can be such by marriage consummated, seems to be undetermined.
But be that as it may, it is clear that a deed of conveyance by a grantor to a near relative by blood for *448 no consideration other than natural love and affection, and so expressed in the deed, is a deed of gift under our statute, of descent and distribution. If a valuable consideration, such as money or marriage to be thereafter consummated, is expressed, the title passes by purchase, and not by deed of gift.
The parties by their deed impress upon the title the character which it is to bear in the hands of the grantee, and those coming after him. If they say the consideration is good only, they thereby impress upon the title the character of a deed of gift. If they say that the consideration is a valuable one. they thereby impress upon the title the character of title by purchase.
In this case the deed expresses a money consideration, and the title is therefore on the face of the deed a title by purchase. The brother and sister of the grantee now seek to change the character so impressed upon the title by the grantor and grantee, and to impress a new character thereon, that of a deed of gift. They stand as heirs, and seek to take by inheritance.. They pay nothing, and are what are known in such cases as volunteers. They are therefore bound by the acts of their ancestors in relation to the property which they seek to inherit. “The general rule is that all parties to a deed are bound by the recitals therein, and they operate as an estoppel, and binding both parties and privies in blood, in estate and in law.” 4 Kent, 523.
The same was held by this court in Patterson v. Lamson, 45 Ohio St., 77. The character so impressed upon the title by the parties to the deed adheres to that title, becomes a part of the inheritance, and the heirs are bound thereby; and they can not take from the title a character which it has, nor give to it a *449 character which it has no-t. To do so would be to vary and contradict the deed by parol, and this can not be done. It has often been held in this state, and elsewhere, that when a valuable consideration is expressed in a deed, it is not competent to show by parol that the deed is founded upon' a good consideration. And that when a good consideration is expressed it can not be shown by parol that the consideration was a valuable one. Vail v. McMillan, 17 Ohio St., 617; Burrage v. Beardsley, 16 Ohio, 438; Steele v. Worthington, 2 Ohio, 182; Walker’s American Law, 445.
But while it is true tluit the nature of the consideration, whether good or valuable, cannot be changed by parol, it is equally true that a different consideration .from that expressed may be shown, if not inconsistent with, or repugnant to, the expressed consideration. Thus it may be shown in favor of creditors, that a deed founded upon an expressed valuable consideration, was in fact without any consideration, and therefore liable to be set aside. And a deed founded upon a good consideration only, will usually be set aside in favor of previous creditors; but this is a very different thing from proving a good consideration when a valuable one is expressed, and thereby changing the line of descent.
Counsel for plantiffs in error cite Mitchell v. Ryan, 3 Ohio St., 377; and Carter v. Day, 59 Ohio St., 96, and claim that in those cases the consideration .expressed in the deeds was successfully contradicted by parol.
In the Mitchell v. Ryan case, the deed was made by a father to his absent daughter, and by him put on record. After she had married and died, the question *450 was whether or not she had accepted the conveyance, and the court held that if the deed imposed no burden upon her, as it would not if it was a gift, that the law would presume an acceptance, and for the purpose of that presumption allowed proof that nothing was paid, and nothing was expected to be paid for the land. The character of the title as being one by purchase, was not changed by the parol evidence, but the sole purpose was to aid the presumption of acceptance. So in Harrison v. Castner, 11 Ohio St., 339, the object was not to change the character of the title of the land conveyed by the deed, but to aid in' establishing a contract as to other lands, and as to that purpose, the recital was a mere admission.
In the case of Carter v. Day, lands had come to children by devise from their father, and afterward they made equitable partition among themselves by deeds expressing valuable considerations. This court held that the lands came to the children by devise, and that the deeds cast no new title, but only aparted to each that which he had received under the will of the father. The division made by the deeds was the same in legal effect, as a partition in court, and therefore there was no contradiction of the consideration expressed in the deeds. The lands came not by operation of the deeds, but became vested in the children by devise, and were then divided out among themselves, no new title being cast by the deeds. It was competent to show by the will the real source of title, and to show that the deeds cast no other or new title, but seryed only to apart to the several heirs the title which had come by devise under the will.

Judgment affirmed.

Williams, Spear, Davis and Shauok, JJ., concur.